UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

RODNEY WILLSON,     No. C 14-4598 LB

    Petitioner,     **ORDER TO SHOW CAUSE**

   v.     [Re: ECF No. 1]

Warden SPEARMAN,

    Respondent.

_____/

### INTRODUCTION

Rodney Willson, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court now reviews his petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires respondent to answer one claim.

### STATEMENT

Mr. Willson is currently in prison serving a sentence of life plus 12 years in prison following his 1991 conviction in San Diego County Superior Court of kidnapping for robbery, forcible rape, and robbery. In the present action, he challenges a June 28, 2012 decision by the Board of Parole Hearings to deny him parole.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Mr. Willson alleges two claims in his petition, only the second of which requires a response. His first claim is that the evidence was insufficient to support the denial of parole. The Supreme Court case of *Swarthout v. Cooke*, 131 S. Ct. 859 (2011), requires that this claim be dismissed without leave to amend. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* at 861 (2011) (citation omitted.) The court may not grant habeas relief for state law errors. *Id.* For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See id.* at 862. Mr. Willson does not contend that he was deprived of either of those two procedural protections. Instead his challenge is to the adequacy of the evidence to support the decision to deny parole. The *Cooke* Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise. In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence to support the parole denial, the due process claim must be rejected. *Cooke* bars a claim not only to a challenge to the quantum of evidence, but also to a challenge to the categories of evidence used by the parole board.

Mr. Willson's second claim is that the BPH's use of "Marsy's Law" to set his next parole hearing in three years violated his right to be free of ex post facto laws. Liberally construed, the claim appears cognizable in a federal habeas proceeding and warrants a response from respondent. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1108-11 (9th Cir. 2011) (§ 1983 class action plaintiffs could not succeed on the merits of their ex post facto challenge to Proposition 9 (i.e., Marsy's Law) unless (1) Proposition 9, on its face, created a significant risk of increasing the punishment of California life-term inmates, or (2) the plaintiffs demonstrate, by evidence drawn from Proposition 9's practical implementation, that its retroactive application will result in a longer period of incarceration than under the prior law); *but see In re. Vicks*, 56 Cal. 4th 274 (Cal. 2013) (rejecting ex post facto challenge to Marsy's Law provision).

**CONCLUSION**

For the foregoing reasons,

1. The ex post facto claim in the petition warrants a response. All other claims are dismissed.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Mr. Willson.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon respondent and respondent's attorney, the Attorney General of the State of California.

4. Respondent must file and serve upon petitioner, on or before **January 23, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing or court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **February 20, 2015**.

6. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

1  Petitioner is cautioned that he must include the case name and case number for this case on the first
2  page of any document he submits to the Court for consideration in this case.
3  **IT IS SO ORDERED.**
4  Dated: November 20, 2014



LAUREL BEELER
United States Magistrate Judge